UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LAZARO TORRES,

        Petitioner,

vs.                            Case No.  2:11-cv-119-FtM-29DNF
                                 Case No.  2:07-cr-122-FtM-29DNF

UNITED STATES OF AMERICA,

        Respondent.
_____

**OPINION AND ORDER**

This matter comes before the Court on petitioner Lazaro Torres' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #207)[1] and Memorandum (Cv. Doc. #2; Cr. Doc. #208), both filed on March 7, 2011. The United States filed its Response in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 (Cv. Doc. #9) on April 25, 2011. For the reasons set forth below, the motion is dismissed.

**I.**

On October 24, 2007, a federal grand jury in Fort Myers, Florida returned a two-count Indictment (Cr. Doc. #45) charging petitioner Lazaro Torres (petitioner or Torres) and four other co-

---

[1] The Court will make reference to the dockets in the instant action and in the related criminal case throughout this opinion. The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

defendants with conspiracy to possess with intent to distribute more than five kilograms of cocaine (Count One) and possession with intent to distribute more than five kilograms of cocaine (Count Two). On April 9, 2008, petitioner pled guilty to Count Two of the Indictment pursuant to a written Plea Agreement (Cr. Doc. #102). (Cr. Docs. ## 101, 103, 104.) On September 23, 2008, the Court sentenced petitioner to an 87 month term of imprisonment, to be followed by four years supervised release. (Cr. Doc. #169.) Judgment (Cr. Doc. #170) was filed on September 24, 2008.

On May 18, 2009, petitioner filed a *pro se* Notice of Appeal of Final Sentence Pursuant to 18 § 3742 (Cr. Doc. #196) seeking to appeal the sentence. Petitioner also filed a motion to proceed *in forma pauperis* on appeal (Cr. Doc. #197), which the district court denied (Cr. Doc. #198) because the appeal was untimely filed. On January 19, 2010, the Eleventh Circuit Court of Appeals dismissed the appeal as untimely filed (Cr. Doc. #206).

Petitioner filed his § 2255 motion on March 7, 2011. (Cr. Doc. #207.) Read liberally, petitioner's § 2255 Petition sets forth the following claims: (1) Trial counsel provided ineffective assistance by failing to file a notice of appeal as petitioner requested; (2) Trial counsel provided ineffective assistance by (a) failing to investigate witnesses who would have either exonerated petitioner or established his minimal participation, (b) failing to file a meaningful motion to suppress evidence, (c) failing to keep

petitioner appraised of his rights and potential defenses, (d) failing to object to leading testimony, (e) making cumulative errors and omissions which deprived petitioner of due process and a direct appeal, and (f) failing to effectively represent petitioner at sentencing, make Rule 32 objections to the presentence report, and submit proper authority which would have justified a downward departure; (3) The trial court committed procedural error by failing to acknowledge and address petitioner's nonfrivolous fast-track disparity argument; (4) The Indictment was defective and insufficient; (5) The sentence was too severe and was unreasonable; and (6) The trial court committed error by failing to grant a downward departure because, as an illegal alien, petitioner was ineligible for minimum security confinement, drug programs, and pre-release custody.

## II.

As petitioner acknowledges (Cv. Doc. #1, p. 17), he filed no notice of appeal within the time allowed to do so, and his § 2255 motion was also filed beyond the one year statute of limitations period in 28 U.S.C. § 2255. Read quite liberally, petitioner asserts that he exercised due diligence in finding out that his attorney did not file a notice of appeal as requested, and that this tolled the running of the statute of limitations. The record reflects otherwise.

There is a one year statute of limitations period in which to file a § 2255 motion. 28 U.S.C. § 2255(f). The limitation period begins to run from the latest of four events, two of which are potentially applicable to this case. The limitation period begins to run from the latest of "the date on which the judgment of conviction becomes final," 28 U.S.C. § 2255(f)(1), or "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4).

As to the first triggering event, "when a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires." Murphy v. United States, 634 F.3d 1303, 1307 (11th Cir. 2011). See also Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000). In 2008, when petitioner was sentenced, defendants had ten days from the date of the entry of judgment to file a notice of appeal. Fed. R. App. P. 4(b)(1)(A) (2009) (amended effective December 1, 2009, to fourteen days). Intermediate weekends and legal holidays were excluded from that ten-day period. Fed. R. App. P. 26(a)(2) (2009). Petitioner's judgment was filed on September 24, 2008, his conviction became final ten days later, on October 8, 2008, and his § 2255 petition was due by October 8, 2009. Under the "mailbox rule", petitioner is deemed to have filed the § 2255 motion on March 3, 2011, the date he signed the petition

while in custody and presumably the date he delivered it to prison authorities for mailing. Washington v. United States, 243 F.3d 1299, 1301 (11tgh Cir. 2001). This was approximately seventeen months after the expiration of the § 2255(f)(1) statute of limitations, and the petition is therefore untimely under § 2255(f)(1).

Petitioner asserts that his §2255 petition is timely under § 2255(f)(4), which provides that a § 2255 petition may be filed within one year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). Petitioner alleges that he filed his § 2255 petition within one year of the date he discovered his attorney had not filed a notice of appeal as requested. Where a petitioner alleges that his attorney failed to file a requested direct appeal, the petitioner's motion to vacate is timely if he "files within one year of discovering, through the exercise of due diligence, that counsel did not file the requested appeal." Long v. United States, 626 F.3d 1167, 1169 (11th Cir. 2010).

Petitioner made the discovery that his attorney had not filed a notice of appeal from his conviction and sentence no later than May 14, 2009, the date he signed his *pro se* Notice of Appeal of Final Sentence Pursuant to 18 § 3742 (Cr. Doc. #196). The Court will assume this was the first date that due diligence would have

allowed discovery of this information. Using this as the triggering date which starts the running of the statute of limitations, petitioner had until May 14, 2010 to file his § 2255 petition. His petition was filed in March, 2011, and therefore was untimely under § 2255(f)(4).

Accordingly, it is now

**ORDERED**:

1. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, and to Correct, Sentence By a Person in Federal Custody (Cv. Doc. #1) is **DISMISSED** as untimely.

2. The Clerk of the Court shall enter judgment accordingly and close the civil file. The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**IT IS FURTHER ORDERED**:

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.** A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004)


or, that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)(citations and internal quotation marks omitted). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** at Fort Myers, Florida, this __26th__ day of November, 2012.

JOHN E. STEELE
United States District Judge

Copies:
Petitioner
Counsel of record